J-A07040-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ZACHARY WISE SHOWERS | : | |
| | : | |
| Appellant | : | No. 932 MDA 2023 |

Appeal from the Judgment of Sentence Entered May 17, 2023
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0003542-2021

BEFORE: STABILE, J., SULLIVAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:           **FILED: APRIL 24, 2024**

Zachary Wise Showers appeals from the May 17, 2023 judgment of sentence of 2 to 8 years' imprisonment imposed following the revocation of his probation and resentencing for one count of aggravated indecent assault – complainant less than 13 years of age.[1] After careful review, we affirm the judgment of sentence.

The relevant facts of this case, as gleaned from the certified record, are as follows: While he was a juvenile, Appellant engaged in the repeated sexual assault of the female victim, his biological sister, when she was between 9 and 13 years old. **See** Affidavit of Probable Cause, 12/2/21 at 1.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 3125(a)(7).

The trial court summarized the procedural history of this case as follows:

> On March 3, 2022, in accordance with a negotiated plea agreement, [Appellant] was sentenced to eight (8) years of probation on one count of aggravated indecent assault[.] On June 9, 2022, a bench warrant was issued for alleged violations of probation and on May 17, 2023, [Appellant] was brought before the court for a **Gagnon II** hearing. [Appellant] admitted to violating his probation for failure to report as directed, failure to notify of a change of address, failure to obtain permission to travel, failure to complete urine screens, failure to participate in counseling and treatment, failure to abide by the sex offender rules and having a new arrest (DUI). After hearing the recommendations and arguments of counsel, [Appellant] was resentenced [on May 17, 2023] to two (2) years to eight (8) years of incarceration. On May 23, 2023, a timely post[-]sentence motion was filed. On June 8, 2023, a hearing on the post[-]sentence motion was held and the motion was denied. A [] notice of appeal was filed on June 27, 2023. The court did not order a 1925(b) statement because counsel for [Appellant] filed [a Pa.R.A.P. 1925(b) concise statement] concurrently with the notice of appeal.

Trial court opinion, 7/7/23 at 1 (citation and extraneous capitalization omitted).

Preliminarily, we note that the filing of a post-sentence motion does not toll the appeal period for a probation revocation sentence. **See** Pa.R.Crim.P. 708(E) ("The filing of a motion to modify sentence will not toll the 30-day appeal period."). Accordingly, Appellant was required to file his notice of appeal 30 days after his May 17, 2023 resentencing, or by June 16, 2023. **See** Pa.R.A.P. 903(a) ("the notice of appeal…shall be filed within 30 days after

the entry of the order from which the appeal is taken."). Because the instant notice of appeal was not filed until June 27, 2023, this Court issued an order on September 11, 2023, directing Appellant to show cause why the appeal should not be quashed as untimely. Appellant failed to respond to the Rule to Show Cause order.

It is well settled that an appellate court may excuse an untimely notice of appeal where there has been a "breakdown in the processes of a court." **See** Pa.R.A.P. 105 *comment*. This Court has found that a breakdown occurred where the trial court, at the time of sentencing, either failed to advise the appellant of his post-sentence and appellate rights or misadvised him. **See Commonwealth v. Parlante**, 823 A.2d 927, 929 (Pa.Super. 2003) (declining to quash facially untimely appeal from judgment of sentence following a probation revocation when the trial court misadvised the appellant of the time limits for filing an appeal pursuant to Rule 708).

Instantly, the record reveals that the trial court's June 8, 2023 order denying Appellant's post-sentence motion failed to advise Appellant that his notice of appeal must be filed by June 16, 2023; in fact, the order did not contain any advice regarding appeal rights at all. Accordingly, we find that there was a breakdown in the processes of the court and excuse the untimely filing of Appellant's notice of appeal.

On appeal, Appellant raises the following issue for our review:

> Did the sentencing court abuse its discretion by resentencing Appellant to a sentence of two (2) to

- 3 -

eight (8) years while failing to consider mitigating factors, his pre and post[-]conviction circumstances including his record of self-improvement; the nature and circumstances of the charges, specifically Appellant's status as a juvenile at the time of the offenses and giving undue weight to the Sentencing Guidelines[?]

Appellant's brief at 4 (extraneous capitalization omitted).

"In an appeal from a sentence imposed after the court has revoked probation, we can review the validity of the revocation proceedings, the legality of the sentence imposed following revocation, and any challenge to the discretionary aspects of the sentence imposed." *Commonwealth v. Wright*, 116 A.3d 133, 136 (Pa.Super. 2015) (citation omitted). A "[r]evocation of a probation sentence is a matter committed to the sound discretion of the trial court and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion." *Commonwealth v. Colon*, 102 A.3d 1033, 1041 (Pa.Super. 2014) (citation omitted), *appeal denied*, 109 A.3d 678 (Pa. 2015). Appellant must "establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision." *Commonwealth v. Bullock*, 170 A.3d 1109, 1123 (Pa.Super. 2017) (citation omitted), *appeal denied*, 184 A.3d 944 (Pa. 2018).

Here, Appellant argues that the trial court abused its discretion by failing to consider various mitigating factors in fashioning his standard-range

probation revocation sentence, including the "nature and circumstances of the original charge[,]" his rehabilitative needs, "the positive actions of the Appellant during his admittedly brief time on probation[,]" and the fact that his crime occurred when he was a juvenile. Appellant's brief at 11, 13-16.

Where an appellant challenges the discretionary aspects of his sentence, as is the case here, the right to appellate review is not absolute. *Commonwealth v. Conte*, 198 A.3d 1169, 1173 (Pa.Super. 2018), *appeal denied*, 206 A.3d 1029 (Pa. 2019). On the contrary, an appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying the following four-part test:

> (1) whether the appeal is timely; (2) whether appellant preserved his issue; (3) whether appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.

*Commonwealth v. Carrillo-Diaz*, 64 A.3d 722, 725 (Pa.Super. 2013) (citations omitted).

As noted, Appellant's untimely notice of appeal has been excused by this Court due to a breakdown in the in court processes. Additionally, Appellant preserved his sentencing claim in his May 23, 2023 post-sentence motion and has also included a statement in his brief that comports with the requirements of Pa.R.A.P. 2119(f). *See* Appellant's brief at 5-6. Accordingly, we must determine whether Appellant has raised a substantial question.

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." ***Commonwealth v. Griffin***, 65 A.3d 932, 935 (Pa.Super. 2013) (citation omitted), ***appeal denied***, 76 A.3d 538 (Pa. 2013). "A substantial question exists only when appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Commonwealth v. Glass***, 50 A.3d 720, 727 (Pa.Super. 2012) (citation omitted), ***appeal denied***, 63 A.3d 774 (Pa. 2013).

"This Court repeatedly has held that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review." ***Commonwealth v. Crawford***, 257 A.3d 75, 79 (Pa.Super. 2021) (citations omitted). In ***Commonwealth v. Caldwell***, 117 A.3d 763 (Pa.Super. 2015), ***appeal denied***, 126 A.3d 1282 (Pa. 2015), a panel of this Court reiterated that, "ordinarily, a claim that the sentencing court failed to consider or accord proper weight to a specific sentencing factor does not raise a substantial question." ***Id.*** at 769. Likewise, in ***Commonwealth v. Cannon***, 954 A.2d 1222 (Pa.Super. 2008), ***appeal denied***, 964 A.2d 893 (Pa. 2009), we held that a claim that the trial court failed to consider, ***inter alia***, the defendant's rehabilitative needs and age did not present a substantial question for review. ***Id.*** at 1228-1229.

Based on the foregoing, we find that Appellant's argument fails to raise a substantial question, and, therefore, he has not preserved his challenge to the discretionary aspects of sentencing. Accordingly, we affirm the May 17, 2023 judgment of sentence.[2]

Judgment of sentence affirmed.

Judgment Entered.

_____

Benjamin D. Kohler, Esq.
Prothonotary

Date: 04/24/2024

_____

[2] Even if Appellant had raised a substantial question for this Court's consideration, we would find no abuse of discretion. As the trial court properly noted in its Rule 1925(a) opinion, it thoroughly considered and weighed numerous factors in resentencing Appellant to a term of 2 to 8 years' imprisonment, a probation revocation sentence whose minimum was actually one year less than requested by the Commonwealth. *See* trial court opinion, 7/7/23 at 5. Specifically, the trial court noted that it considered, *inter alia*, Appellant's prior record score and offense gravity score; his age at both the time of the offense and at the *Gagnon II* hearing; the background of this case and the information provided by the supervising probation officer; Appellant's employment obligations; and his rehabilitative needs. *Id.* at 5-6.